**Abel LERMA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–87–218–CR.**

Court of Appeals of Texas, Austin.

Oct. 5, 1988.

Eddie G. Shell, Shell & Shell, Burnet, for appellant.

Sam Oatman, Dist. Atty., Cheryl Pickering Mabray, Asst. Dist. Atty., Llano, for appellee.

Before SHANNON, C.J., and CARROLL, J.

PER CURIAM.

Appellant entered a plea of guilty to an indictment charging him with failing to

stop and render aid. Tex.Rev.Civ.Stat. Ann. art. 6701d, §§ 38 and 40 (1977 and Supp.1988). In accordance with a plea bargain agreement, the district court assessed punishment at imprisonment for five years, probated. In his only point of error, appellant contends the district court erred by ordering him to pay restitution as a condition of his probation.

 We do not agree with the State's assertion that it was necessary for appellant to obtain the district court's permission in order to bring this appeal. Under Tex.R.App.P.Ann. 40(b)(1) (Supp.1988), a defendant in appellant's position must have the trial court's permission only if he seeks to prosecute an appeal for a nonjurisdictional defect that occurred prior to entry of the guilty plea and that was not the subject of a pretrial motion. *Rosenkrans v. State*, 758 S.W.2d 383 (Tex.App.—Austin 1988). The error of which appellant complains occurred after the plea was entered. Nor is appellant bound by his written waiver of appeal, since it was signed one week before trial. *Ex parte Thomas*, 545 S.W.2d 469 (Tex.Cr.App.1977).

The district court ordered appellant to pay $10,456.00, in monthly payments of $175.00, as restitution to the victim. Tex. Code Cr.P. Ann. art. 42.12, § 6(a) (Supp. 1988). Appellant urges that this was error because there is no evidence that his failure to stop and render aid caused the victim's injuries.

The evidence establishes that on October 11, 1985, appellant struck the victim, a pedestrian, with his automobile and thereafter intentionally failed to stop and render aid to her. The evidence also establishes that the victim sustained serious injuries as a result of being struck by appellant's car. The victim was not insured, and incurred medical bills totalling $10,456.00. Conceding this, appellant nevertheless argues that the restitution order was erroneous because it was the accident, not his failure to stop and render aid, that caused the injuries suffered by the victim.

Appellant's effort to separate the accident and resulting injuries to the victim from his subsequent failure to stop and render aid is an effort to separate the inseparable. The defendant's involvement in an accident resulting in injury or death to any person is an element of the offense of failing to stop and render aid. *Steen v. State*, 640 S.W.2d 912, 915 (Tex.Cr.App. 1982). Contrary to appellant's assertion, there was a real and essential connection between the injuries suffered by the victim and appellant's failure to stop and render aid: had there been no injuries, appellant's failure to stop would not have been a crime.

We hold that the injuries for which the district court ordered restitution were related to the offense for which appellant was convicted. The point of error is overruled.

The judgment of conviction is affirmed.