**In the Matter of D.S., A Juvenile.**

No. 04–95–00744–CV.

Court of Appeals of Texas, San Antonio.

April 24, 1996.

Patrick Barry Montgomery, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

GREEN, Justice.

The State charged D.S. by petition with engaging in delinquent conduct in the form of burglary of a habitation with intent to commit theft. Prior to trial, the State, of its own volition, amended the petition to allege criminal trespass instead of burglary. D.S. pled true; the trial court ruled the evidence sufficient to support the plea and placed D.S. on

probation. In its probation order, the trial court ordered D.S. to pay restitution to the victim. It is from this restitution order that D.S. appeals, claiming the trial court erred in granting restitution in violation of Texas Family Code section 54.041. We agree.

Appellant's sole point of error asserts the trial court erred in ordering D.S. to pay restitution to the victim of the misdemeanor criminal trespass offense to which he pled guilty. Specifically, D.S. claims that ordering monetary compensation is improper under these facts because "pecuniary loss of tangible chattel is not a reasonably foreseeable consequence of the offense of criminal trespass."

Section 54.041 of the Family Code authorizes the juvenile court to order restitution "[i]f a child is found to have engaged in delinquent conduct arising from the commission of an offense in which property damage or loss or personal injury occurred...." TEX.FAM.CODE ANN. § 54.041(b) (Vernon 1986). Noting that juvenile proceedings are "quasi-criminal" in nature, and because of the context in which the juvenile court may order restitution, the rules of restitution in criminal cases apply to juvenile proceedings. *In re J.R.*, 907 S.W.2d 107, 109 (Tex.App.—Austin 1995, no writ).

Research has not yielded any authority directly on point; however, a couple of adult criminal cases are instructive. In *Gordon v. State*, the defendant was charged with a civil rights violation causing death, but was convicted of a lesser assault offense. *Gordon v. State*, 707 S.W.2d 626, 628 (Tex.Crim.App. 1986). The court found that Gordon could not be ordered to pay funeral costs "as they were losses arising from an offense for which the defendant had been found not criminally responsible." *Martin v. State*, 874 S.W.2d 674, 677 (Tex.Crim.App.1994) (discussing *Gordon*). *Martin* differed from *Gordon* to the extent that the defendant in *Martin* had not been acquitted of the offense for which he was ordered to pay restitution. *Id.* Nevertheless, the court declined to order restitution to anyone other than the victim of the crime for which Martin had been charged and convicted. *Id.* at 677–78.

 Following the analysis in the foregoing cases, we conclude that restitution may be ordered only where "property damage or loss or personal injury occur[s]" in the offense for which the defendant is convicted. Because the property loss at issue in this case was not occasioned by the offense for which D.S. was convicted—criminal trespass—restitution is not proper. D.S.'s point of error is sustained.

That portion of the trial court's probation order mandating restitution is vacated. The trial court's judgment and probation order is affirmed in all other respects.