**In the Matter of C.T., a Juvenile.**

**No. 13–00–681–CV.**

Court of Appeals of Texas, Corpus Christi.

March 15, 2001.

Rehearing Overruled April 19, 2001.

---

Fernando M. Galvan, Brownsville, for appellant.

Yolanda De Leon, District Attorney, David W. Hartmann, Asst. County (Cr. Dist.) Attorney, John A. Olson, Asst. County & District Attorney, Brownsville, for appellee.

Before Justices HINOJOSA, YAÑEZ and CASTILLO.

## OPINION

CASTILLO, Justice.

The State charged appellant, a juvenile, with committing delinquent conduct. After appellant pled "no contest," the juvenile court found that she had engaged in delinquent conduct and, after a disposition hearing, placed appellant on probation for a period of seven months. As a condition of that probation, the court ordered that appellant pay restitution in the amount of $2000.00. Appellant complains in a single issue that the juvenile court abused its discretion in ordering the payment of restitution. We affirm.

### Factual Background and Procedural History

C.T., a juvenile, was charged with failure to stop and give information after being involved in a three-vehicle accident and fleeing the scene. Appellant pled "no contest" to the charge but protested the State's request for restitution for the damages sustained by one of the other vehicles involved in the accident. The juvenile court, after a hearing on the question of restitution, ordered appellant to pay the owner $2000.00 in restitution at the rate of $500.00 a month. Appellant appeals the judgment, contending that the damages sustained by the other vehicle arose out of

the accident, not the failure to stop and give information, and were therefore not causally connected to the offense for which appellant was adjudicated. Appellant raises no issue on appeal as to the amount of restitution ordered but, rather, argues that without a causal connection between the offense and the damage, the juvenile court could not order any restitution. Appellant cites a single authority, *In the Matter of D.S., a Juvenile,* 921 S.W.2d 860 (Tex. App.—San Antonio 1996, no writ), in support of this position and asks this Court to vacate the juvenile court's order of restitution.

## Restitution

■ The sole issue for our review is whether the juvenile court erred in ordering appellant to pay restitution in this case. Whether to order restitution is within the sound discretion of a trial court and so is reviewed under an abuse of discretion standard. *Cartwright v. State,* 605 S.W.2d 287, 289 (Tex.Crim.App.1980).

The Texas Family Code provides that a juvenile court, after due notice to affected persons and a hearing, may order a child, or the parent of a child, to make full or partial restitution to the victim of an offense when the child has been found to have engaged in delinquent conduct arising from the commission of an offense in which property damage or personal injury occurred. TEX. FAM. CODE ANN. § 54.041(b)(Vernon Supp.2001).

■ Appellant argues that in the present case, the trial court improperly ordered restitution because no offense was committed in which property damage occurred. It is appellant's contention that the property damage occurred as a result of the accident, not the offense of failure to stop and leave information. Appellant also

argues that *In the Matter of D.S.* provides that restitution may only be ordered where the damage was occasioned by the offense.

■ *In the Matter of D.S.* involved a trial court order requiring a juvenile who was originally charged with burglary of a habitation, but actually adjudicated guilty of a criminal trespass, to pay restitution to the victim of the originally charged burglary. *In the Matter of D.S.,* 921 S.W.2d at 861. The reviewing court reversed the order, finding that the property loss was not occasioned by the offense of criminal trespass. *Id.* The *D.S.* court reviewed several adult criminal cases in making its decision, holding that although juvenile proceedings are civil proceedings, they are quasi-criminal in nature and so it is appropriate to look to criminal cases for guidance in resolving issues on appeal. *Id.* We agree with the *D.S.* court that "the rules of restitution in criminal cases apply to juvenile cases". *In the Matter of M.S.,* 985 S.W.2d 278, 281 (Tex.App.—Corpus Christi 1999, no pet.), citing *In Re J.R,* 907 S.W.2d 107, 109 (Tex.App.—Austin 1995, no writ). We accordingly look to similar criminal cases to determine the propriety of the trial court's order of restitution.

■ Appellant was found to have engaged in delinquent conduct by committing the offense of failure to stop and leave information under Texas Transportation Code, section 550.022. TEX. TRANSP. CODE ANN. § 550.022 (Vernon 1999). While there is no authority in Texas on the precise question of such restitution in the case of a failure to stop and give information offense, there is case law on the question of restitution for the related charge of failure to stop and render aid [1] which is instructive.

The case of *Lerma v. State,* 758 S.W.2d 383 (Tex.App.—Austin 1988, no pet.), is

---

1. TEX. TRANSP. CODE ANN. § 550.021 (Vernon 1999).

particularly applicable. In *Lerma*, the defendant appealed the trial court order of restitution to the victim of the accident, arguing that there was no evidence that his offense was the cause of the victim's injuries, as it was the accident, not his failure to stop and render aid, that caused the injuries. *Id.* at 384. Appellant in the present case makes a similar contention that the property damage arose only as a part of the initial collision and not as a result of her failure to stop and give information[2].

The *Lerma* court, in analyzing the causation argument and deciding it against the defendant, noted

> Appellant's effort to separate the accident and resulting injuries to the victim from his subsequent failure to stop and render aid is an effort to separate the inseparable. The defendant's involvement in an accident resulting in injury or death to any person is an element of the offense of failing to stop and render aid. *Steen v. State*, 640 S.W.2d 912, 915 (Tex.Cr.App.1982). Contrary to appellant's assertion, there was a real and essential connection between the injuries suffered by the victim and appellant's failure to stop and render aid: had there been no injuries, appellant's failure to stop would not have been a crime.

*Id.*

■ We find the *Lerma* analysis persuasive. The elements of failure to stop and leave information under section 550.022 of the Texas Transportation Code are:

1.  The operator of a vehicle

2.  involved in an accident

3.  resulting only in damage to a vehicle driven or attended by a person

4.  does not stop or does not comply with the requirements of this section.[3]

TEX. TRANSP. CODE ANN. § 550.022 (Vernon 1999). *Cf. Steen v. State*, 640 S.W.2d 912, 915 (Tex.Crim.App.1982) (for the offense of failure to stop and render aid).

### Conclusion

The involvement of a defendant in an accident and the requirement that there be damages to a vehicle resulting from the accident are essential elements of the offense of failure to stop and give information. Had there been no accident and had there been no damages to a vehicle, there would have been no crime in failing to stop or give information. *See Lerma*, 758 S.W.2d at 384. Accordingly, we find that the damages for which the trial court ordered restitution were occasioned by, and did arise from, the offense for which appellant was adjudged delinquent. The trial court did not abuse its discretion in ordering appellant to pay restitution as a condition of probation. We overrule appellant's

**2.** We note that a similar argument was also made to the Court of Criminal Appeals in *Thompson v. State*, 557 S.W.2d 521 (Tex. Crim.App.1977). However, that court found that the facts of the particular case indicated that the injuries occurred due to dragging, which arose after the failure to stop, and thus did not address the question at issue of injuries arising solely as a part of the initial collision. *Thompson*, 557 S.W.2d at 524.

**3.** The requirements of section 550.022(a) are that a person shall:

(1) immediately stop the vehicle at the scene of the accident or as close as possible to the scene of the accident without obstructing traffic more than is necessary;
(2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; and
(3) remain at the scene of the accident until the operator complies with the requirements of Section 550.023.

single issue and affirm the decision of the trial court.