Affirmed as Modified and Opinion filed August 16, 2005









Affirmed as
Modified and Opinion filed August 16, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00466-CR

____________

 

HAROLD WAYNE BAILEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________________________

 

On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 842228

____________________________________________________________

 

O P I N I O N

Appellant, Harold Wayne Bailey, was charged with
failure to stop and render assistance.  See
Tex. Transp. Code Ann. ' 550.023
(Vernon 1999).  After appellant pleaded
guilty, the trial court ordered restitution as a condition of community
supervision.  Because we conclude that
the trial court erred in ordering restitution for losses that did not result
from appellant=s failure to stop and render
assistance, we reform the judgment to delete the payment of restitution from
the conditions of community supervision. 
We affirm the trial court=s
judgment as reformed.








I.  Factual and
Procedural Background

On April 19, 2000,
appellant was involved in a car accident and intentionally failed to stop his
vehicle at the scene of the accident. 
Albert Rinker, Jr. was seriously injured in the accident and appellant
was charged with failure to stop and render assistance.  Appellant pleaded guilty under a plea
agreement with the State.  The trial
court found appellant guilty of the offense and assessed punishment at five
years in prison.  The trial court
suspended the sentence and placed appellant on community supervision for ten
years.  As a condition of the community
supervision, the trial court indicated it would require restitution and set a
hearing to determine the amount.  Before
the restitution hearing, the State stipulated in writing that Rinker=s
injuries and resulting medical expenses incurred by reason of the accident were
not increased or compounded by appellant=s failure
to stop and render assistance to Rinker. 
During the restitution hearing, the State conceded that there was a
factual dispute as to whether appellant ran a red light and caused the
accident.  At the conclusion of the
hearing, the trial court ordered appellant to pay Rinker $49,148.43 in
restitution for medical expenses incurred as a result of injuries Rinker
sustained in the accident.

In 2001, appellant appealed the trial court=s
restitution order.  In a per curiam
opinion, this court dismissed the appeal as untimely.  Bailey v. State, No. 04-01-00466-CR,
2001 WL 950939, at *1 (Tex. App.CHouston
[14th Dist.] Aug. 23, 2001) (not designated for publication), rev=d, 160
S.W.3d 11 (Tex. Crim. App. 2004).  In 2004,
the Court of Criminal Appeals reversed and remanded the case to this court for
a decision on the merits of appellant=s
challenge to the restitution order.  Bailey
v. State, 160 S.W.3d
11, 16 (Tex. Crim. App. 2004).

II.  Issue and Analysis








In his sole issue on appeal, appellant asserts that the trial
court=s
restitution order violates his right to due process of law.  He contends that the injuries Rinker
sustained arose from the accident, not from his failure to stop and render
assistance.  Appellant argues that
because Rinker=s injuries were not causally connected to the offense to
which appellant pleaded guilty, (1) the restitution ordered in
this case was not for the offense for which he was convicted, and (2) the
amount of restitution ordered had no factual support in the record. 

We
review challenges to restitution orders under an abuse-of-discretion
standard.  See Cartwright v. State,
605 S.W.2d 287, 288B89 (Tex. Crim. App. 1980). 
A trial court abuses its discretion when its decision lies outside of the
zone of reasonable disagreement.  Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh=g). 
Although a trial court has broad discretion in determining conditions
of community supervision, this discretion is not without limits.  See TEX. CODE CRIM. PROC. ANN. art.
42.12 (Vernon Supp. 2004B2005).  A plain reading of article 42.037(b)(2) and (c)(1) of the
Texas Code of Criminal Procedure indicates that restitution is limited
to the results of the offense or offenses charged.  Tex.
Code Crim. Proc. Ann. art. 42.037(b)(2), (c)(1) (Vernon Supp. 2004B2005) (stating that A[i]f the offense results in bodily
injury to victim,@ the court may order restitution for an amount equal to the
cost of necessary medical expenses, and that the court shall consider Athe amount of the loss sustained by
any victim as a result of the offense@ in determining the amount of
restitution); Gonzalez v. State, 954 S.W.2d 98, 106 (Tex. App.CSan
Antonio 1997, no pet.)
(stating that a reading of article 42.037 Aclearly shows that restitution is
limited to the results of the offense or offenses charged@).








Furthermore,
a majority of the courts that have addressed this issue have concluded that the
amount of a restitution order is limited to the losses the victim suffered as a
result of the offense for which defendant was convicted.  See Cabla v. State, 6 S.W.3d 543, 546
(Tex. Crim. App. 1999) (dicta); Drilling v. State, 134
S.W.3d 468, 470B71 (Tex.
App.CWaco
2004, no pet.); Uresti v.
State, 98 S.W.3d 321, 337B38 (Tex.
App.CHouston
[1st Dist.] 2003, no pet.); Montgomery v. State, 83 S.W.3d 909, 912 (Tex. App.CEastland
2002, no pet.); Gonzalez, 954
S.W.3d at 106; Stewart v. State, Nos. 05-99-00073, 05-99-00074, 2000 WL
31862, at *3 (Tex. App.CDallas
Jan. 18, 2000, no pet.) (not designated for publication);  but see In re C.T., 43 S.W.3d 600,
602B03 (Tex.
App.CCorpus
Christi 2001, no pet.); Lerma v. State, 758 S.W.2d 383, 384 (Tex. App.CAustin
1988, no pet.).  In this case, we must determine whether
there is evidence Rinker=s medical expenses resulted from appellant=s failure to stop and render
assistance.  

Appellant argues the restitution order is
erroneous because it was the accidentCnot his
failure to stop and render assistanceCthat
caused Rinker=s injuries.  The State contends, however, the trial court
did not abuse its discretion in ordering appellant to pay restitution as a
condition of his community supervision. 
The State recognizes that the amount of a restitution order is limited
to only the losses or expenses that Rinker suffered as a result of the offense
for which appellant was convicted. 
However, the State contends that, because appellant=s
involvement in an accident that resulted in injury or death to a person is an
essential element of failing to stop and render assistance, appellant should be
required to pay restitution because he was involved in the accident.  See In re C.T., 43 S.W.3d at
602B03; Lerma
v. State, 758 S.W.2d at 384.  Had
there been no accident, the State argues, there would have been no crime in
failing to stop and render assistance.  See
In re C.T., 43 S.W.3d at 602B03; Lerma,
758 S.W.2d at 384.  The State argues,
therefore, Rinker=s
injuries arose from the offense of which appellant was convicted.  

Appellant pleaded guilty to the following offense
under section 550.021 of the Texas Transportation Code:

The operator of a vehicle involved in an accident resulting in injury
to or death of a person shall:

(1) immediately stop the vehicle at the
scene of the accident or as close to the scene as possible;

(2) immediately return to the scene of the accident if the vehicle is
not stopped at the scene of the accident; and

(3) remain at the scene of the accident
until the operator complies with the requirements of Section 550.023.

. . . .

A person commits an
offense if the person does not stop or does not comply with the requirements of
this section.  








Tex. Transp. Code Ann. '
550.021(a), (c) (Vernon 1999).  The part
of section 550.023 applicable in this case requires the operator of a vehicle involved
in an accident resulting in the injury or death of a person to provide any
person injured in the accident reasonable assistance, including transporting or
making arrangements for transporting the person to a physician or hospital for
medical treatment because it was apparent that treatment is necessary.  Tex.
Transp. Code Ann. ' 550.031
(Vernon 1999).  

Although Ainvolvement
in an accident resulting in injury or death of a person@ is a
prerequisite to the commission of the offense in question, such involvement
alone is not sufficient to constitute a criminal offense.  See Tex.
Transp. Code Ann. '' 550.021,
550.023.  It was appellant=s failure
to stop and assist Rinker that was the criminal conduct. In this case, the
State, prior to the restitution hearing, stipulated in writing that Rinker=s
injuries and resulting medical expenses were not increased or compounded by
appellant=s failure to stop and render
assistance.  Given the State=s
stipulation, we conclude the State has not proven that Rinker=s medical
expenses resulted from the offense for which appellant pleaded guilty.  Thus, the trial court erred in awarding restitution
for these expenses.  See Drilling, 134 S.W.3d at 470B71; Lemos v. State, 27
S.W.3d 42, 47B49 (Tex. App.CSan
Antonio 2000, pet. denied); Gonzalez, 954
S.W.3d at 106B07. 









To support its argument, the State relies on Lerma
and In re C.T.  The Lerma
court reasoned that a defendant convicted of failing to stop and render
assistance could be ordered to pay restitution for the victim=s
injuries because involvement in an accident resulting in injury or death
is an element of the offense for which the defendant was convicted.  758 S.W.2d at 384.  The Lerma court explained that the
appellant=s effort to separate the accident
and resulting injuries to the victim from his subsequent failure to stop and
render assistance was Aan effort
to separate the inseparable.@  Id. 
But see Lemos, 27 S.W.3d at 47B49; Drilling, 134 S.W.3d at 470B71. 
The In re C.T. court applied the reasoning of Lerma to
order restitution for property damage from a defendant who failed to stop and
leave information after being involved in a three-car accident.  See In re C.T., 43 S.W.3d at
602B03.  In the present case, however, the State has
stipulated that Rinker=s
injuries are separable from appellant=s failure
to stop and render assistance.  We
respectfully disagree with Lerma and In re C.T. to the extent
they stand for the proposition that a defendant convicted of failure to stop
and render assistance may be ordered to pay restitution to all those injured in
the accident, regardless of whether their injuries resulted from the defendant=s failure
to stop and render assistance.[1]  

Based on
the record before us, we conclude the trial court abused its discretion by
ordering appellant to pay restitution as a condition of his community
supervision.  Because we have decided
that the restitution ordered in this case was for losses that did not result
from the offense of which appellant was convicted, we need not determine if the
amount of restitution is supported by a factual basis in the record.  Accordingly, we sustain appellant=s sole
issue on appeal.  The judgment of the
trial court is reformed to delete the payment of restitution from the
conditions of community supervision.  See
Gordon v. State, 707 S.W.2d 626, 629 (Tex. Crim. App. 1986); Gonzalez,
954 S.W.2d at 106B07.  We affirm the judgment of the trial court as
reformed.  

 

/s/        Kem Thompson Frost

Justice

 

Judgment
rendered and Opinion filed August 16, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  There is no
evidence in the record on the issue of whether it was appellant or Rinker who
ran the red light, causing the accident. 
The State conceded the existence of a factual dispute on this
issue.  Appellant was not charged with
reckless driving or driving while intoxicated, offenses which might relate to
one=s fault in the accident.  In contrast, the offense of failing to stop
and render assistance is based on one=s
actions after the accident.  In this
case, it is possible that appellant was not at fault for the accident at all;
Rinker may have run the red light and caused the accident.