# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

**NO. 03-08-00183-CV**

**In the Matter of A. J. V.**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. JV-27,596, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A.J.V. pleaded true to allegations that he engaged in delinquent conduct by committing the offenses of unauthorized use of a motor vehicle and evading arrest. *See* Tex. Fam. Code Ann. § 51.03 (West 2008); Tex. Penal Code Ann. §§ 31.07, 38.04 (West 2003). The juvenile court adjudicated him delinquent on both grounds and placed him on probation until September 25, 2009, to be served at an intermediate sanctions center. The court also ordered A.J.V. and his mother to pay $1150 in restitution. In his only point of error, A.J.V. contends that the evidence does not support the restitution order. We find no abuse of discretion, but we will modify the restitution order to accurately state the amount ordered.

The automobile in question belonged to Sergio Oviedo Ovalle. Ovalle testified at the disposition hearing that the car, a 1993 Ford Tempo, was stolen on January 29, 2008, which was a Tuesday. Ovalle said that he had purchased the car about a year earlier for $1500, and that it was in good condition before it was stolen. On Thursday morning, which would have been January 31,

the police notified Ovalle that his car had been recovered.  When Ovalle arrived at the wrecker yard where the car had been taken, he discovered that the license plates and speakers had been removed, the exterior had been painted a gray-black primer color, and the upholstery had been slashed.  In addition, a three-month-old weed eater worth $150 had been stolen from the trunk of the car.  Ovalle testified that when he tried to start the car, "the engine was making a weird noise like if a piston had broken, and something inside the starter was making a weird noise and it didn't want to start, and the back seat was broken and the seat belts that were automatic, because it was an automatic car, were also broken.  When you put the key to start, the engines of the seat belts would stick making a noise."  Ovalle added, "I didn't go and pick it up because to me it's useless because I would have to get a tow truck to bring it to my house because the car doesn't start."  After being told that he would have to pay a $298 impound fee and an additional $95 to have the car towed to his house, Ovalle elected to abandon the vehicle because "[t]he car is useless."

When a juvenile is found to have engaged in delinquent conduct arising from the commission of an offense in which property damage or loss or personal injury occurred, the court may order the child or his parent to make full or partial restitution to the victim of the offense.  Tex. Fam. Code Ann. § 54.041(b) (West 2008).  Because delinquency proceedings are quasi-criminal in nature, the rules of restitution in criminal cases apply.  *In re J.R.*, 907 S.W.2d 107, 109 (Tex. App.—Austin 1995, no writ).  The question of restitution is committed to the court's discretion, but that discretion is not unlimited.  *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999).  The amount of restitution must have a factual basis within the victim's loss; the trial court may not order restitution to anyone but the victim of the offense with which the offender is

2

charged; and the trial court may not order restitution for an offense for which the defendant is not criminally responsible. *Id*. at 696-97.

The juvenile court ordered A.J.V. to pay $1150 in restitution, $1000 for the car and $150 for the weed eater. A.J.V. contends that the juvenile court abused its discretion by ordering him to pay restitution for losses that were not shown to be the result of his unauthorized use of Ovalle's vehicle. A.J.V. argues that there is no evidence that he stole, damaged, or vandalized Ovalle's car, or that he stole the weed eater. He contends that the juvenile court abused its discretion by ordering him to pay restitution for losses resulting from offenses for which he was not shown to be criminally responsible.

A.J.V. urges that this cause is analogous to *In re D.S.*, 921 S.W.2d 860 (Tex. App.—San Antonio 1996, no writ). In that case, a juvenile pleaded true to the allegation that he committed criminal trespass, was adjudicated delinquent, and ordered to pay restitution to the property owner. *Id*. at 861. Citing criminal precedent, the court of appeals held that restitution may be ordered only for property damage or loss that occurs in the commission of the offense for which the accused is convicted. *Id*. The court vacated the restitution order because the property loss at issue was not the result of the criminal trespass. *Id*.

The State disputes A.J.V.'s contention that Ovalle's losses did not result from his unauthorized use of the automobile, citing *In re C.T.*, 43 S.W.3d 600 (Tex. App.—Corpus Christi 2001, no pet.). C.T. was adjudicated delinquent for having failed to stop and leave information after she was involved in a three-vehicle accident, and she was ordered to pay restitution for the damages to one of the vehicles. *Id*. at 601; *see* Tex. Transp. Code Ann. § 550.022 (West Supp. 2008). Citing

3

*D.S.*, she argued that the damages were the result of the accident and not her failure to stop and leave information. *Id*. at 602-03. The court of appeals rejected this argument, noting that both her involvement in the accident and the damages to the other vehicle were elements of the offense of failing to stop and leave information; in other words, but for the accident and resulting damages, C.T.'s failure to stop would not have been a crime. *Id*. at 603. Therefore, the damages to the other vehicle were occasioned by and arose out of the offense for which she was adjudicated delinquent. *Id*.[1] We agree with the reasoning and result in *C.T.*, although that opinion is legally distinguishable because damage to the vehicle is not a formal element of the offense of unauthorized use. *See* Tex. Penal Code Ann. § 31.07.

Both parties refer us to two opinions involving restitution orders based on a juvenile's unlawful use of a vehicle. The first is *In re R.M.Z.*, No. 04-00-00465-CV, 2001 Tex. App. LEXIS 2668 (Tex. App.—San Antonio Apr. 25, 2001, no pet.) (not designated for publication). In that case, there was a jury trial and a full evidentiary record. *Id*. at *1. Police officers stopped a "primer red vehicle" seen driving away from another, stripped vehicle. *Id*. at *2. The driver of the red vehicle, who was R.M.Z., told the officers that "this has been my car for a while," and that he had just got it running. *Id*. As it turns out, the car had been stolen three days before. *Id*. The evidence also showed that the steering column had been broken to allow the car to be driven without a key, and the vehicle identification number and license plates had been altered. *Id*. at *8. R.M.Z. was found to have committed the offense of unauthorized use and ordered to pay restitution to the owner of the

---

[1] The court of appeals relied on an opinion by this Court in which we upheld a restitution order in a prosecution for failing to stop and render aid. *See Lerma v. State*, 758 S.W.2d 383, 384 (Tex. App.—Austin 1988, no pet.).

4

vehicle. *Id.* at *2. Citing the San Antonio court's earlier opinion in *D.S.*, R.M.Z. argued on appeal that the restitution order was improper because there was no evidence that he had stolen the car. *Id.* at *7. The court of appeals rejected this argument, holding that the evidence supported a finding that the car had been in R.M.Z.'s possession for the three days it had been missing, and that he was responsible for the damage to the vehicle while is was in his possession. *Id.* at *8.

The other opinion is *In re R.M.*, No. 05-06-00519-CV, 2007 Tex. App. LEXIS 5785 (Tex. App.—Dallas Jul. 24, 2007, no pet.) (mem. op.). R.M. pleaded true to unauthorized use of a vehicle and was ordered to pay restitution for damages to the vehicle. *Id.* at *1. The opinion contains only a limited recitation of the facts, but it states that the "[t]estimony at trial showed [that R.M.] and his cohorts jumped out of the car *they had taken* while it was still moving." *Id.* (emphasis added). The car, which had been in "perfect condition" before the incident, had to be towed to a repair facility because there was no key and the ignition was damaged. *Id.* at *3. The court held that this evidence was sufficient to establish that the damages to the vehicle resulted from the unauthorized use offense. *Id.* at *4.

We conclude that the juvenile court did not abuse its discretion by ordering A.J.V. to pay restitution for the damage to Ovalle's car. The car was stolen on January 29. A.J.V. admitted to the juvenile court that on January 30, he intentionally and knowingly operated Ovalle's car without consent. He also admitted that on January 30, he intentionally fled from a police officer who he knew was attempting to lawfully arrest him. On January 31, Ovalle examined his car and discovered that due to damage to the engine and starter, the car would not start. From this evidence, the juvenile court could reasonably infer that A.J.V. was the last person to operate the car and, as

5

such, was responsible for the damage to the vehicle. The inference that appellant damaged Ovalle's car is strengthened by the short time frame. The damage had to have occurred during a roughly twenty-four hour period beginning with the theft of the car and ending with A.J.V.'s arrest. Given this timetable, the possibility that the damage to the car was inflicted by someone else is considerably reduced. We hold that the evidence supports the juvenile court's finding that the damage to Ovalle's car occurred during or as a result of A.J.V.'s unauthorized use of the vehicle.

A closer question is presented by the juvenile court's order that A.J.V. pay restitution for the stolen weed eater. As noted above, the family code authorizes the payment of restitution when a juvenile is found to have engaged in delinquent conduct arising from the commission of an offense in which property damage or loss of personal injury occurred. Tex. Fam. Code Ann. § 54.041(b). This statute has been construed to mean that the damage or loss must have resulted from the offense on which the delinquency finding is based. *D.S.*, 921 S.W.2d at 861.

It is obvious that Ovalle's weed eater would not have been stolen if his car had not been stolen, and it would be reasonable to order the thief to pay restitution for the loss. But A.J.V. was not adjudged delinquent for having stolen the car. Rather, he was adjudged delinquent for having operated Ovalle's car without his consent. However, the same conduct on which the delinquency finding was based would also have supported the inference that A.J.V. was the thief. *See Chavez v. State*, 843 S.W.2d 586, 587-88 (Tex. Crim. App. 1992) (conviction for theft may be based on unexplained possession of recently stolen property); *Hardesty v. State*, 656 S.W.2d 73, 76-77 (Tex. Crim. App. 1983) (same). Under the particular circumstances of this case, we conclude that the connection between A.J.V.'s unauthorized use of Uvalle's vehicle and the loss of the weed

6

eater that had been in the vehicle was sufficient to warrant the juvenile court's order that A.J.V. pay restitution for the loss of the weed eater. No abuse of discretion is shown, and the point of error is overruled.

The dispositional order of probation does not conform to the juvenile court's restitution order, and it is modified to state that restitution in the amount of $1150 is to be paid.[2] As so modified, the juvenile court's judgment is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Modified and, as Modified, Affirmed

Filed:   April 10, 2009

---

[2] The written order erroneously states that the restitution amount is $1100.