

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0055-23 & PD-0056-23

### ZIMBABWE RAYMOND JOHNSON, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### BOWIE COUNTY

KELLER, P.J., delivered the opinion of the Court in which HERVEY, RICHARDSON, YEARY, KEEL, SLAUGHTER and MCCLURE, JJ., joined. NEWELL, J., filed a dissenting opinion in which WALKER, J., joined.

## OPINION

Appellant damaged property in a car accident. He was convicted of failure to perform a duty to provide information after the accident, and he was ordered to pay restitution to the owners of the property he damaged. The question is whether restitution may be ordered for an offense that did not itself cause the damage. We conclude that restitution may not be ordered under those circumstances.

## I. BACKGROUND

While driving in Bowie County, Appellant collided with a utility pole and an antique truck. He continued to drive down the road, for a over a thousand feet, until his vehicle became incapable of driving farther. The police soon arrived, and Appellant gave them his identification information, but he had no insurance. He was charged with the failure to comply with a duty, after striking a fixture, to take reasonable steps to impart certain information to the owner or person in charge of the fixture.[1] He was also charged with the failure to comply with a duty, after being involved in an accident causing damage to a vehicle, to stop and give information to the owner of the vehicle.[2] The jury found him guilty of the lesser-included offenses of attempt to commit those offenses. The jury assessed a punishment of a $200 fine for each offense. The trial judge then imposed restitution of $200 for the utility-pole offense and $10,000 for the vehicle offense.

On appeal, one of Appellant's complaints was that the award of restitution was improper because the offenses for which he was convicted did not cause the damage to the pole and truck. The court of appeals agreed.[3] In doing so, it relied in part on our prior decision in *Hanna v. State*,[4] the language of Code of Criminal Procedure article 42.037(k), and *Bailey v. State*,[5] a case from the Fourteenth Court of Appeals in Houston.[6] The court of appeals cited cases from the Corpus Christi

---

[1] TEX. TRANSP. CODE § 550.025(a)(1).

[2] *Id.* §§ 550.022(a), 550.023.

[3] *Johnson v. State*, 659 S.W.3d 473, 474-76 (Tex. App.—Texarkana 2022).

[4] 426 S.W.3d 87 (Tex. Crim. App. 2014).

[5] 171 S.W.3d 639 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

[6] *Johnson*, 659 S.W.3d at 475-76.

and Austin courts of appeals as holding to the contrary but declined to follow those cases.[7]

Consequently, the court of appeals deleted the restitution awards.[8]

## II. ANALYSIS

Article 42.037, the statute permitting restitution to be imposed as a judgment obligation, contains numerous references to the offense causing the damage:

> (b)(1) *If the offense results in damage to or loss or destruction of property* of a victim of the offense, the court may order the defendant:
>
> * * *
>
> (2) *If the offense results in personal injury to a victim*, the court may order the defendant to make restitution to:
>
> (A) the victim for any expenses incurred by the victim *as a result of the offense*; or
>
> * * *
>
> (c) The court, in determining whether to order restitution and the amount of restitution, shall consider:
>
> (1) the amount of the loss sustained by any victim and the amount paid to or on behalf of the victim by the compensation to victims of crime fund *as a result of the offense*; and
>
> (2) other factors the court deems appropriate.
>
> * * *
>
> (k) The court shall resolve any dispute relating to the proper amount or type of restitution. The standard of proof is a preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim *as a result of the offense* is on the prosecuting attorney. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and the defendant's dependents is on the defendant. The burden of demonstrating other

---

[7] *See id.* at 476 (discussing *In re C.T.*, 43 S.W.3d 600 (Tex. App.—Corpus Christi 2001, no pet.), and *Lerma v. State*, 758 S.W.2d 383, 384 (Tex. App.—Austin 1988, no pet.)).

[8] *Id.* at 477.

matters as the court deems appropriate is on the party designated by the court as justice requires.[9]

This statute also refers to the Crime Victims' Compensation Fund, established under Chapter 56B of the Code of Criminal Procedure.[10] An application for compensation from the fund requires, among other things, "a description of the nature and circumstances of *the criminally injurious conduct.*"[11]

The import of all of these provisions is that the criminal offense for which the defendant is convicted must be the cause of the damage for which restitution is awarded. That is consistent with what this Court said in *Hanna*. The issue in *Hanna* was whether restitution could be ordered in a driving while intoxicated case even though the offense of DWI does not require a victim and no victim had been named in the indictment.[12] We held that it could.[13] But we went on to say that restitution was improper in that case because there was no evidence to show that the *offense* (Hanna's intoxicated driving) caused the damage.[14]

In *Lerma*, the Austin court of appeals held that restitution could be imposed as a condition of probation for the offense of failure to stop and render aid because the defendant's involvement

---

[9] TEX. CODE CRIM. PROC. art. 42.037(b), (c), (k) (emphasis added).

[10] *See id.* art. 42.037(a).

[11] *Id.* art. 56B.051(b)(2) (emphasis added).

[12] 426 S.W.3d at 93-97.

[13] *Id.*

[14] *Id.* at 97-98 ("[B]ut there is no evidence—and certainly not proof that satisfies the preponderance of the evidence standard—to show that the *offense* (appellant's intoxicated driving) caused the damage to the utility pole.") (emphasis in original).

in an accident resulting in injury or death was an element of the offense.[15]  The court held that restitution could be imposed because there was "a real and essential connection between the injuries suffered by the victim and [the defendant's] failure to stop and render aid" and that this connection was the fact that "had there been no injuries, [the defendant's] failure to stop would not have been a crime."[16]  In *C.T.*, the Corpus Christi court of Appeals followed *Lerma* in a juvenile adjudication case, concluding that its reasoning was persuasive.[17]

We find *Lerma* and *C.T.* to be distinguishable from the present case and from *Hanna*.  Here and in *Hanna*, restitution was imposed as a judgment obligation in a criminal case, not as a condition of probation.[18]  It is at least arguable that a trial court has greater discretion in considering restitution as a condition of probation,[19] as happened in *Lerma*.  And it is also at least arguable that juvenile-adjudication proceedings afford greater discretion to impose restitution than that afforded in criminal proceedings.

The State criticizes *C.T.*, and by extension *Lerma*, as formulating a standard that is too vague to be workable.  The State also criticizes *Bailey* as not affording enough victims with relief.  The State claims that *Hanna* adequately balanced the interests involved and then claims that the present case meets the causation standard in *Hanna*.  The State claims that causation is shown because the

---

[15]  758 S.W.2d at 384.

[16]  *Id.*

[17]  43 S.W.3d at 602-03.

[18]  *See Hanna*, 426 S.W.3d at 89; *Johnson*, 659 S.W.3d at 474.

[19]  *See* TEX. CODE OF CRIM. PROC. art. 42A.301(a) ("The judge may impose any reasonable condition that is not duplicative of another condition and that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant.").

evidence at trial showed that Appellant caused the damage to the utility pole and the truck and that this was a result of a nexus between the accident and the criminal offense. But even assuming the State's reasoning requires more than required by *Lerma* and *C.T.*, it still falls short of what is required by Article 42.037. It is not enough to show that the defendant caused the damage; the State must show that the *offense* for which the defendant was convicted caused the damage. And there is no evidence of that in this case.

We do not mean to suggest that restitution would never be available for an offense involving a duty to give information or render aid after an accident. If a person's failure to give information or render aid caused damage—for example, by delaying medical help that results in making a victim's injuries worse—then that could be a basis for awarding restitution. But there is no evidence that Appellant's attempted failure to comply with his duties of giving information caused any of the damage in this case.

The State also suggests that limiting restitution might motivate the State to overcharge just to obtain restitution. That concern cannot dictate our resolution of the issue here. We affirm the judgment of the court of appeals.

Delivered: December 20, 2023
Publish