

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0055-23 & PD-0056-23

## ZIMBABWE RAYMOND JOHNSON, Appellant

## v.

## THE STATE OF TEXAS

## ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW
## FROM THE SIXTH COURT OF APPEALS
## BOWIE COUNTY

**NEWELL, J., filed a dissenting opinion in which WALKER J., joined.**

Appellant's argument in this case loses sight of the forest for the trees. A person's failure to give someone else contact information is not an offense. And the duty to do so under Sections 550.022 and 550.025 of the Transportation Code only arises if the person operates a vehicle that is involved in a collision resulting in damage to another vehicle, a structure adjacent to a highway, a fixture, or landscaping

legally on or adjacent to a highway.[1]  The existence of a collision is the focus of the offense.[2]  Without a collision, the State cannot charge a motorist for failing to provide contact information because there is no way for the State to prove that the motorist committed an offense for failing to provide contact information after the collision.

Article 42.037 of the Code of Criminal Procedure permits the imposition of restitution as part of a criminal judgment if a defendant is convicted of an offense that results in damage to or destruction of property.[3]  Appellant would have us read the statutory phrase "the offense that results in damage" to say "the defendant causes damage."  Unlike Appellant, I read the reference to the "offense" in Article 42.037 as a reference to the whole offense regardless of whether the element of a failure to provide contact information occurs after the element of "a collision resulting only in damage."[4]  Here,

---

[1] Tex. Transp. Code §§ 550.022, 550.025.

[2] *See, e.g., Huffman v. State*, 267 S.W.3d 902, 908 (Tex. Crim. App. 2008) (noting that the focus of the offense of failure to stop and render aid is the accident and not leaving the scene after the accident).

[3] Tex. Code Crim. Proc. art. 42.037.

[4] *Id.;* Tex. Transp. Code §§ 550.022, 550.025; *cf. Hanna v. State*, 426 S.W.3d 87, 94 (Tex. Crim. App. 2014) (concluding that a person who suffers property damage or personal injury as a direct result of a DWI crime may be entitled to restitution even if the offense is a "victimless crime"). Ultimately, our discussion of causation in *Hanna* should be considered in the context of the issue in that case. The question in *Hanna* was whether restitution could be imposed in a case in which there was no statutorily-recognized victim.  In that situation,

Appellant committed an offense that resulted in damage even if Appellant's failure to comply with a duty didn't cause it. Limiting Article 42.037's use of the word "offense" to mean only one element of an offense (which isn't even an offense by itself) fails to give full effect to the statutory text. And it essentially forces the State to recommend probation in these types of cases or forfeit compensation for crime victims.[5] Because I believe the trial court had the authority to impose restitution as part of the judgment in this case, I dissent.

Filed: December 20, 2023

Publish

---

damage or loss is not an element of the offense that resulted in damage or loss. In this case, however, damage or loss is part of the offense.

[5] *See, e.g., Lerma v. State*, 758 S.W.2d 383, 384 (Tex. App. – Austin 1988, no pet.) (upholding a restitution order imposed as a condition of probation).