Harold Wayne BAILEY, Appellant

v.

The STATE of Texas, Appellee.

No. 14–01–00466–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 16, 2005.

R. Scott Shearer, Houston, TX, for appellant.

Alan Curry, Houston, TX, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant, Harold Wayne Bailey, was charged with failure to stop and render assistance. *See* Tex. Transp. Code Ann. § 550.023 (Vernon 1999). After appellant pleaded guilty, the trial court ordered restitution as a condition of community supervision. Because we conclude that the trial court erred in ordering restitution for losses that did not result from appellant's failure to stop and render assistance, we reform the judgment to delete the payment of restitution from the conditions of community supervision. We affirm the trial court's judgment as reformed.

## I. Factual and Procedural Background

On April 19, 2000, appellant was involved in a car accident and intentionally failed to stop his vehicle at the scene of the accident. Albert Rinker, Jr. was seriously injured in the accident and appellant was charged with failure to stop and render assistance. Appellant pleaded guilty under a plea agreement with the State. The trial court found appellant guilty of the offense and assessed punishment at five years in prison. The trial court suspended the sentence and placed appellant on community supervision for ten years. As a condition of the community supervision, the trial court indicated it would require restitution and set a hearing to determine the amount. Before the restitution hearing, the State stipulated in writing that Rinker's injuries and resulting medical expenses incurred by reason of the accident were not increased or compounded by appellant's failure to stop and render assistance to Rinker. During the restitution hearing, the State conceded that there was a factual dispute as to whether appellant ran a red light and caused the accident. At the conclusion of the hearing, the trial court ordered appellant to pay Rinker $49,148.43 in restitution for medical expenses incurred as a result of injuries Rinker sustained in the accident.

In 2001, appellant appealed the trial court's restitution order. In a per curiam opinion, this court dismissed the appeal as untimely. *Bailey v. State*, No. 04–01–00466–CR, 2001 WL 950939, at *1 (Tex. App.-Houston [14th Dist.] Aug. 23, 2001) (not designated for publication), *rev'd*, 160 S.W.3d 11 (Tex.Crim.App.2004). In 2004, the Court of Criminal Appeals reversed and remanded the case to this court for a decision on the merits of appellant's challenge to the restitution order. *Bailey v. State*, 160 S.W.3d 11, 16 (Tex.Crim.App. 2004).

## II. Issue and Analysis

In his sole issue on appeal, appellant asserts that the trial court's restitution order violates his right to due process of law. He contends that the injuries Rinker

sustained arose from the accident, not from his failure to stop and render assistance. Appellant argues that because Rinker's injuries were not causally connected to the offense to which appellant pleaded guilty, (1) the restitution ordered in this case was not for the offense for which he was convicted, and (2) the amount of restitution ordered had no factual support in the record.

We review challenges to restitution orders under an abuse-of-discretion standard. *See Cartwright v. State,* 605 S.W.2d 287, 288–89 (Tex.Crim.App.1980). A trial court abuses its discretion when its decision lies outside of the zone of reasonable disagreement. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990) (op. on reh'g). Although a trial court has broad discretion in determining conditions of community supervision, this discretion is not without limits. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp.2004–2005). A plain reading of article 42.037(b)(2) and (c)(1) of the Texas Code of Criminal Procedure indicates that restitution is limited to the results of the offense or offenses charged. TEX.CODE CRIM. PROC. ANN. art. 42.037(b)(2), (c)(1) (Vernon Supp. 2004–2005) (stating that "[i]f the offense results in bodily injury to victim," the court may order restitution for an amount equal to the cost of necessary medical expenses, and that the court shall consider "the amount of the loss sustained by any victim as a result of the offense" in determining the amount of restitution); *Gonzalez v. State,* 954 S.W.2d 98, 106 (Tex.App.-San Antonio 1997, no pet.) (stating that a reading of article 42.037 "clearly shows that restitution is limited to the *results* of the offense or offenses charged").

Furthermore, a majority of the courts that have addressed this issue have concluded that the amount of a restitution order is limited to the losses the victim suffered as a result of the offense for which defendant was convicted. *See Cabla v. State,* 6 S.W.3d 543, 546 (Tex.Crim.App. 1999) (dicta); *Drilling v. State,* 134 S.W.3d 468, 470–71 (Tex.App.-Waco 2004, no pet.); *Uresti v. State,* 98 S.W.3d 321, 337–38 (Tex.App.-Houston [1st Dist.] 2003, no pet.); *Montgomery v. State,* 83 S.W.3d 909, 912 (Tex.App.-Eastland 2002, no pet.); *Gonzalez,* 954 S.W.2d at 106; *Stewart v. State,* Nos. 05–99–00073, 05–99–00074, 2000 WL 31862, at *3 (Tex.App.-Dallas Jan.18, 2000, no pet.) (not designated for publication); *But see In re C.T.,* 43 S.W.3d 600, 602–03 (Tex.App.-Corpus Christi 2001, no pet.); *Lerma v. State,* 758 S.W.2d 383, 384 (Tex.App.-Austin 1988, no pet.). In this case, we must determine whether there is evidence Rinker's medical expenses resulted from appellant's failure to stop and render assistance.

Appellant argues the restitution order is erroneous because it was the accident—not his failure to stop and render assistance—that caused Rinker's injuries. The State contends, however, the trial court did not abuse its discretion in ordering appellant to pay restitution as a condition of his community supervision. The State recognizes that the amount of a restitution order is limited to only the losses or expenses that Rinker suffered as a result of the offense for which appellant was convicted. However, the State contends that, because appellant's involvement in an accident that resulted in injury or death to a person is an essential element of failing to stop and render assistance, appellant should be required to pay restitution because he was involved in the accident. *See In re C.T.,* 43 S.W.3d at 602–03; *Lerma v. State,* 758 S.W.2d at 384. Had there been no accident, the State argues, there would have been no crime in failing to stop and render assistance. *See In re C.T.,* 43 S.W.3d at 602–03; *Lerma,* 758 S.W.2d at

384. The State argues, therefore, Rinker's injuries arose from the offense of which appellant was convicted.

Appellant pleaded guilty to the following offense under section 550.021 of the Texas Transportation Code:

The operator of a vehicle involved in an accident resulting in injury to or death of a person shall:

(1) immediately stop the vehicle at the scene of the accident or as close to the scene as possible;

(2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; and

(3) remain at the scene of the accident until the operator complies with the requirements of Section 550.023.

. . . .

A person commits an offense if the person does not stop or does not comply with the requirements of this section.

TEX. TRANSP. CODE ANN. § 550.021(a), (c) (Vernon 1999). The part of section 550.023 applicable in this case requires the operator of a vehicle involved in an accident resulting in the injury or death of a person to provide any person injured in the accident reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment because it was apparent that treatment is necessary. TEX. TRANSP. CODE ANN. § 550.031 (Vernon 1999).

Although "involvement in an accident resulting in injury or death of a person" is a prerequisite to the commission of the offense in question, such involvement alone is not sufficient to constitute a criminal offense. *See* TEX. TRANSP. CODE ANN. §§ 550.021, 550.023. It was appellant's failure to stop and assist Rinker that was the criminal conduct. In this case, the State, prior to the restitution hearing, stipulated in writing that Rinker's injuries and resulting medical expenses were not increased or compounded by appellant's failure to stop and render assistance. Given the State's stipulation, we conclude the State has not proven that Rinker's medical expenses resulted from the offense for which appellant pleaded guilty. Thus, the trial court erred in awarding restitution for these expenses. *See Drilling*, 134 S.W.3d at 470–71; *Lemos v. State*, 27 S.W.3d 42, 47–49 (Tex.App.-San Antonio 2000, pet. denied); *Gonzalez*, 954 S.W.2d at 106–07.

To support its argument, the State relies on *Lerma* and *In re C.T.* The *Lerma* court reasoned that a defendant convicted of failing to stop and render assistance could be ordered to pay restitution for the victim's injuries because involvement in an accident resulting in injury or death is an element of the offense for which the defendant was convicted. 758 S.W.2d at 384. The *Lerma* court explained that the appellant's effort to separate the accident and resulting injuries to the victim from his subsequent failure to stop and render assistance was "an effort to separate the inseparable." *Id.* But see *Lemos*, 27 S.W.3d at 47–49; *Drilling*, 134 S.W.3d at 470–71. The *In re C.T.* court applied the reasoning of *Lerma* to order restitution for property damage from a defendant who failed to stop and leave information after being involved in a three-car accident. *See In re C.T.*, 43 S.W.3d at 602–03. In the present case, however, the State has stipulated that Rinker's injuries are separable from appellant's failure to stop and render assistance. We respectfully disagree with *Lerma* and *In re C.T.* to the extent they stand for the proposition that a defendant convicted of failure to stop and render assistance may be ordered to pay restitution to all those injured in the accident, regardless of whether their injuries resulted from the

defendant's failure to stop and render assistance.[1]

Based on the record before us, we conclude the trial court abused its discretion by ordering appellant to pay restitution as a condition of his community supervision. Because we have decided that the restitution ordered in this case was for losses that did not result from the offense of which appellant was convicted, we need not determine if the amount of restitution is supported by a factual basis in the record. Accordingly, we sustain appellant's sole issue on appeal. The judgment of the trial court is reformed to delete the payment of restitution from the conditions of community supervision. *See Gordon v. State*, 707 S.W.2d 626, 629 (Tex.Crim.App. 1986); *Gonzalez*, 954 S.W.2d at 106–07. We affirm the judgment of the trial court as reformed.

---

1. There is no evidence in the record on the issue of whether it was appellant or Rinker who ran the red light, causing the accident. The State conceded the existence of a factual dispute on this issue. Appellant was not charged with reckless driving or driving while intoxicated, offenses which might relate to one's fault in the accident. In contrast, the offense of failing to stop and render assistance is based on one's actions after the accident. In this case, it is possible that appellant was not at fault for the accident at all; Rinker may have run the red light and caused the accident.