Affirmed and Memorandum Opinion filed March 28, 2006









Affirmed
and Memorandum Opinion filed March 28, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01140-CR

____________

 

ARMANDO VALDIVIA
RUIZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from County
Court at Law

Chambers County, Texas

Trial Court Cause No. 21294-02

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Armando Valdivia Ruiz, pleaded
guilty to driving while intoxicated and received community supervision.  One of the requirements for community
supervision imposed was that he pay restitution to the complainant in the
amount of $6,000.  Appellant challenges
the restitution imposed with two points of error: (1) the trial court abused
its discretion by considering evidence not before it; and (2) the trial court
committed reversible error by not complying with article 42.037 of the Code of
Criminal Procedure.  We affirm.

 








Factual and Procedural Background

On December 25, 2001, appellant, Armando
Valdivia Ruiz, was driving while intoxicated. 
Due to his intoxication, he drove his pickup truck off the road and into
complainant=s home. 
The damage to the home was so extensive that complainant had to tear the
home down, and put a trailer in its place. 
The cost of the trailer was $6,000. 
Complainant had no insurance on the home; neither did the holder of the
mortgage note.

Rather than taking his case to trial,
appellant pleaded guilty and received community supervision.  The trial court imposed terms of community
supervision including restitution in the amount of $6,000.  Appellant=s insurance
company had already settled any civil liability with complainant and the holder
of the note when it paid $15,000, which was enough to discharge the mortgage
obligation.  However, there was nothing
left with which to rebuild the home or pay for a trailer.  Therefore, the trial court determined that
restitution was appropriate.

Appellant objected that the trial court
improperly considered evidence of the land=s value not
offered by either party.  Appellant
raises this argument on appeal, and also complains that  the trial court did not comply with the
requirements of article 42.037 of the Code of Criminal Procedure.  We will consider these issues together.  

Analysis

I.        There
is a Factual Basis in the Record for the Restitution Award








It is within the trial court=s sound discretion
to order restitution.  See Bailey v.
State, 171 S.W.3d 639, 641 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  The trial court
abuses that discretion if its decision lies outside the zone of reasonable
disagreement.  Id.  The Code of Criminal Procedure, however, puts
limits on that discretion.  Id.; see
also Tex. Code Crim. Proc. Art.
42.037.  The restitution must be limited
to the offense charged.  Bailey,
171 S.W.3d at 641.  Further, the
restitution must be limited to the losses suffered as a result of the crime for
which the defendant was convicted.  Id.  It is also important to note that the trial court
may not order restitution for a loss if the victim has or will receive
compensation from another source.  Tex. Code Crim. Proc. Art.
42.037(f)(1).  If the trial court
complies with these requirements, and there is some factual basis in the record
for the award, then we will affirm.  See
generally Campbell v. State, 5 S.W.3d 693, 696B97 (Tex. Crim.
App. 1999).  

Here, appellant complains that the trial
court=s ruling does not
have a basis in the record because he made his ruling based upon evidence not
in the record; appellant also complains that the court did not comply with
article 42.037.  We disagree.  The trial court compensated the complainant
for the loss of his house, which was directly attributable to appellant=s convicted
crime.  There was testimony that although
appellant=s insurance company paid enough money to
discharge the mortgage, it did not pay enough to put any sort of structure on
the land.  There was also testimony that
rebuilding the home would cost over $58,000, but the complainant chose instead
to purchase a $6,000 trailer.  

Given this testimony, there is clearly support
for the award of $6,000Cthe cost of a replacement structure.  Also, given that the trial court could have
found an acceptable amount of total compensation would be over $58,000, even
though appellant=s insurance company paid $15,000, the
restitution does not amount to a double recovery.  We affirm the ruling of the trial court.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed March 28, 2006.

Panel
consists of Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).