Affirmed and Memorandum Opinion
filed November 30, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00670-CR

NO.
14-09-00671-CR

NO.
14-09-00672-CR



Bruce Edward Mason, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 212th District Court

Galveston County, Texas

Trial Court
Cause Nos. 07CR1370, 07CR1371, 07CR1372



 

MEMORANDUM OPINION 

Appellant Bruce Edward Mason challenges the trial court’s
restitution orders rendered during his sentencing hearing for three offenses of
theft by deception.  In three issues, he asserts that there was insufficient
evidence of his financial resources and ability to pay restitution, the trial
court denied him due process by adding restitution without considering the
statutory factors, and the trial court erred by failing to submit an
instruction in its punishment charge to the jury that appellant could be
ordered to pay restitution.  We affirm.

BACKGROUND

A jury found appellant guilty of three felony charges
of theft by deception.  These thefts involved a scheme in which appellant
represented himself as a retired investment banker. He convinced the three
complainants that he was purchasing stock for their accounts and took money
from them to that end.  In fact, no stock was ever purchased.  The jury
assessed his punishment at two years’ imprisonment and a $3,000 fine for the
first charge and seven years’ imprisonment and a $5,000 fine for each of the other
two charges.  At the sentencing hearing, the trial court sentenced appellant accordingly
and additionally ordered appellant to pay restitution of (a) $15,990.20 to the
first complainant, (b) $23,955.15 to the second complainant, and (c) $33,933.00
to the third complainant.  Appellant filed a motion for new trial, which was
overruled by operation of law.  This appeal timely followed.

ANALYSIS

A.        Governing Law
and Standard of Review

“In addition to any fine authorized by law, the court
that sentences a defendant convicted of an offense may order the defendant to
make restitution to any victim of the offense. . . .”  Code Crim. Pro. Ann.
art. 42.037(a) (Vernon Supp. 2009).  The trial court is charged with resolving
disputes about the proper amount of restitution by a preponderance of the
evidence.  Id. art. 42.037(k).  The State bears the burden of
demonstrating the amount of the loss sustained by a victim; the defendant must
demonstrate his financial resources and needs, as well as the financial needs
of his dependents.  See id.

            We review
challenges to a trial court’s restitution orders for an abuse of discretion.  See
Cartwright v. State, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.]
1980); Bailey v. State, 171 S.W.3d 639, 641 (Tex. App.—Houston [14th
Dist.] 2005, no pet.).  A trial court abuses its discretion when its decision
lies outside the zone of reasonable disagreement.  Bailey, 171 S.W.3d at
641.  

B.        Application

            In his first
issue, appellant asserts that there was insufficient evidence of his financial
resources and ability to pay restitution.  But the Legislature amended the Code
of Criminal Procedure in 2005 to omit provisions that required the trial court
to consider the “financial resources of the defendant” and the “financial needs
and earning ability of the defendant and the defendant’s dependents” in
determining whether to order restitution.  See Act of May 27, 1993, 73rd
Leg., R.S., ch. 806, § 1, 1993 Tex. Gen. Laws 3207, amended by Act of
May 25, 2005, 79th Leg., R.S., ch. 969, § 1, 2005 Tex. Gen. Laws 3244, 3245
(current version at Code Crim. Proc. Ann. art. 42.037).  The current statute
does not require consideration of these issues, and, even if these factors were
appropriate, appellant had the burden to demonstrate his financial resources
and abilities.[1]
 Accordingly, we overrule appellant’s first issue.

            In issue two,
appellant contends that the trial court denied him due process by ordering him
to pay restitution at sentencing without considering the statutory factors. 
Specifically, appellant complains that the trial court failed to consider “the
amount paid to or on behalf of the victim by the compensation to victims of
crime fund[.]”  Id. art. 42.037(c).  First, we note that appellant did
not object to the trial court’s restitution order on this basis.  Thus, he has
not preserved this issue for our review.  See Tex. R. App. P. 33.1(a)(1);
see also Jimenez v. State, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000) (“A
party is not excused from the procedural requirements for objecting at trial
merely because an error involves a constitutional right.”).  Moreover, even had
he preserved this issue, the complainants in this case do not qualify for
recovery from the victims of crime fund because they were neither “victims” nor
harmed by “criminally injurious conduct.”  See Code Crim. Pro. Ann. arts.
56.32(a)(11) (Vernon Supp. 2009) (defining “victim” to include only individuals
who suffer personal injury or death resulting from “criminally injurious
conduct”), 56.32(a)(4) (defining “criminally injurious conduct” as conduct posing
a substantial threat of personal injury or death), 56.34 (Vernon 2006)
(providing that only pecuniary loss arising from “criminally injurious conduct”
may be compensated by the fund).  We overrule appellant’s second issue.

In his third issue, appellant argues that the trial
court erred in not instructing the jury that appellant could be ordered to pay
restitution.  When considering jury charge issues, we must first determine
whether error exists.  Ngo v. State, 175 S.W.3d 738, 743 (Tex. Crim.
App. 2005).  It is only if we find error that we review the record for harm.[2]  See id.
at 743–44.  Here, we conclude that the trial court did not err by failing to
instruct the jury that appellant could be ordered to pay restitution.  As
discussed above, article 42.037 of the Code of Criminal Procedure provides that
the sentencing court may order the defendant to make restitution in
addition to any fine authorized by law.  Code Crim. Pro. Ann. art. 42.037(a).  Because
restitution is not a jury issue, the trial court’s charge was not erroneous. 
We overrule appellant’s third issue.

            Having overruled
each of appellant’s issues, we affirm the judgments of the trial court.

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel
consists of Chief Justice Hedges, Justice Yates, and Senior Justice Mirabal.*

 

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
See Code Crim. Pro. Ann. art. 42.037(k) (placing burden on defendant to
demonstrate financial resources and needs).





[2]
We note that appellant did not object to the trial court’s charge on this
basis.





* Senior Justice Margaret Garner Mirabal
sitting by assignment.