

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00028-CR
_____

ZIMBABWE RAYMOND JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 21M0631-CCL

Before Morriss, C.J., Stevens and van Cleef, JJ.
Opinion by Justice van Cleef

OPINION

While driving in Bowie County, Zimbabwe Raymond Johnson collided with a Southwest Electric Power Company (SWEPCO) utility pole and an antique truck. Johnson was charged with the misdemeanor offenses of failing to perform his statutory duty on striking a structure, fixture, or highway landscaping involving damages greater than or equal to $200.00[1] and failure to perform his statutory duty when being involved in an accident involving more than $200.00 in damages to a vehicle.[2] The jury found Johnson guilty of attempted failure to perform his statutory duty on striking a structure and attempted failure to perform his statutory duty when being involved in an accident involving damage to a vehicle.[3] The jury assessed a $200.00 fine in each case. In addition to the fines, the trial court ordered restitution in the amount of $200.00 for damage to the pole and $10,000.00 for damage to the truck.

Here, Johnson appeals from his conviction for attempting to leave the scene of a collision with a vehicle without providing required information.[4] Johnson contends that (1) the loss sustained to the vehicle was not a result of the offense for which he was convicted and (2) the trial court erred by assessing a $200.00 concurrent fine.

We modify the judgment by deleting the award of $10,000.00 in restitution and affirm the judgment, as modified, because the offense for which Johnson was convicted did not cause the

---

[1] TEX. TRANSP. CODE ANN. § 550.025(b)(2).

[2] TEX. TRANSP. CODE ANN. § 550.022(c)(2).

[3] TEX. TRANSP. CODE ANN. § 542.303(a) ("A person who attempts to commit or conspires to commit an act declared by this subtitle to be an offense is guilty of the offense.").

[4] Johnson appeals from his conviction for attempted failure to perform his statutory duty on striking a structure in our cause number 06-22-00027-CR.

2

damage to the utility pole. We may not and do not delete from the judgment the lawfully assessed fine.

The facts of the case were detailed in our opinion in cause number 06-22-00027-CR. Here, we discuss only the facts pertinent to this appeal.

## I. Johnson's Offense Did Not Cause the Damage to the Truck

Johnson contends that the "loss sustained to the electric pole and vehicle were not results of the offense [of which] [Johnson] was convicted."[5]

Johnson was convicted of attempting to violate Section 550.22 of the Transportation Code, which states:

> (a) Except as provided by Subsection (b), the operator of a vehicle involved in an accident resulting only in damage to a vehicle that is driven or attended by a person shall:
>
> > (1) immediately stop the vehicle at the scene of the accident or as close as possible to the scene of the accident without obstructing traffic more than is necessary;
> >
> > (2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; and
> >
> > (3) remain at the scene of the accident until the operator complies with the requirements of Section 550.023.

TEX. TRANSP. CODE ANN. § 550.022(a)(1)–(3). Section 550.023 requires a person involved in a vehicle collision to:

> (1) give the operator's name and address, the registration number of the vehicle the operator was driving, and the name of the operator's motor vehicle

---

[5]This argument receives expansive treatment in the portion of appellant's brief concerning the pole, but instead of repeating that argument in the section of the brief concerning the truck, appellant merely states, "Due process places . . . limits on the restitution a trial court may order: . . . (2) the restitution ordered must be only for the offense for which the defendant is criminally responsible . . . ."

3

liability insurer to any person injured or the operator or occupant of or person attending a vehicle involved in the collision;

(2)     if requested and available, show the operator's driver's license to a person described by Subdivision (1); and

(3)     provide any person injured in the accident reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment if it is apparent that treatment is necessary, or if the injured person requests the transportation.

TEX. TRANSP. CODE ANN. § 550.023. Essentially, Johnson was convicted of attempting to leave the scene of the collision without fulfilling those statutory duties. The trial court awarded the vehicle owner $10,000.00 in restitution.

The Texas Court of Criminal Appeals has "consistently held that there must be a causal connection between the criminal offense and the recipient of restitution." *Hanna v. State*, 426 S.W.3d 87, 93 (Tex. Crim. App. 2014). This is consistent with the language of Article 42.037 of the Texas Code of Criminal Procedure, which vests discretion to order a defendant to make restitution "to any victim of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (Supp.). "Society is benefitted by punishment, including restitution, that is directly related to the offenses for which a defendant has been charged and convicted." *Cabla v. State*, 6 S.W.3d 543, 545–46 (Tex. Crim. App. 1999). "The burden of demonstrating the amount of the loss sustained by a victim *as a result of the offense* is on the prosecuting attorney." TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (emphasis added).

In *Bailey v. State*, our sister court considered the question of whether an appellant's failure to stop and render assistance—a violation of Section 550.023 of the Texas Transportation Code—supported a restitution award for personal injuries that were not shown to be a result of

4

the offense of conviction. *Bailey v. State*, 171 S.W.3d 639, 641 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Here, and in *Bailey*, the State argued that, since "involvement in an accident" was an essential element of that offense, the appellant should be ordered to pay restitution. The *Bailey* court rejected the argument, observing that, "[a]lthough 'involvement in an accident resulting in injury or death of a person' is a prerequisite to the commission of the offense in question, such involvement alone is not sufficient to constitute a criminal offense." *Id.* Ultimately, the court found an abuse of discretion because the restitution "was for losses that did not result from the offense of which appellant was convicted."[6] *Id.* at 643.

The conclusion in *Bailey* stands in contrast to those in *In re C.T.*, 43 S.W.3d 600 (Tex. App.—Corpus Christi 2001, no pet.), and *Lerma v. State*, 758 S.W.2d 383, 384 (Tex. App.—Austin 1988, no pet.) (per curiam). The *In re C.T.* court applied the reasoning of *Lerma* to order restitution for property damage from a defendant who failed to stop and leave information after being involved in a three-car accident. *See In re C.T.*, 43 S.W.3d at 602–03. As did the court in *Bailey*, this Court respectfully disagrees with the holdings of *In re C.T.* and *Lerma* to the extent they stand for the proposition that a defendant convicted of an accident involving damage to a vehicle may be ordered to pay restitution for any damage caused by the accident regardless of whether the defendant's offense of conviction caused the damage.

Here, as in *Bailey*, the State failed to show that Johnson's offense, attempting to leave the scene of the collision without fulfilling his statutory duties after having been involved in a vehicle collision, caused the damage to the truck. We, therefore, conclude that the trial court

---

[6]In *Bailey*, the State stipulated that the other driver's injuries were separable from the appellant's failure to stop and render assistance. *Bailey*, 171 S.W.3d at 642.

5

erred in awarding $10,000.00 in restitution for damage to the vehicle and sustain this point of error.[7]

### III. We May Not Delete the Concurrent Fines from the Judgment

Here, the jury assessed a $200.00 fine for each of Johnson's two convictions. Accordingly, the judgment in this case assessed a $200.00 fine and so too does the judgment for attempted accident involving damage to a vehicle. The judgments note that the sentences assessed are to be served concurrently, but the court did not specifically order the fines in each case to run concurrently. In his final point of error, Johnson argues that this Court should delete one of the two $200.00 fines because the fines are be served concurrently. The State agrees that we should modify the judgment by deleting one of the fines.

The Texas Penal Code requires sentences for offenses arising out of the same criminal episode that are prosecuted in a single criminal action to be served concurrently. TEX. PENAL CODE. ANN. § 3.03(a) (Supp.). The concurrent sentence provision in Section 3.03 applies to the entire sentence, including fines. *See State v. Crook*, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008). Where multiple fines are assessed in a same-criminal-episode prosecution and they are ordered to be discharged concurrently, they discharge in the same manner as concurrent terms of confinement—the defendant pays the greatest amount of fine but receives credit for satisfying all of the multiple concurrent fines. *See id.* However, each judgment must include the fine actually imposed, and the courts of appeals may not delete a lawfully assessed concurrent fine from a trial

---

[7]Johnson also argues that there was legally insufficient evidence to support the trial court's award of $10,000.00 in restitution, but due to our ruling in this case, we need not address that issue.

court's judgment in order to protect against possible improper stacking of fines.[8] *Anastassov v. State*, No. PD-0848-20, 2022 WL 5054846 (Tex. Crim. App. Oct. 5, 2022) (abrogating cases deleting concurrent fines). Therefore, we overrule this point of error.

## III.  Conclusion

Having considered Johnson's claims, we strike the award of $10,000.00 in restitution, but otherwise affirm. We, therefore, modify the judgment by deleting the award of restitution and affirm the trial court's judgment, as modified.

                              Charles van Cleef
                              Justice

Date Submitted:     November 9, 2022
Date Decided:       December 22, 2022

Publish

---

[8] "If defendants are being improperly subjected to consecutive fines in conflict with the trial court's judgments in a given case, the proper course is to pursue relief through a writ of habeas corpus." *Anastassov*, 2022 WL 5054846, at *6.

7